# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WASHINGTON

# AT SEATTLE

| | |
|---|---|
| **SCOTT E. STAFNE**, <br><br> Plaintiff, <br><br> v. <br><br> **THOMAS S. ZILLY,** <br> **JOHN C. COUGHENOUR,** <br> **BARRY G. SILVERMAN, and** <br> **TY TRENARY**, <br><br> Defendants. | Case No. 2:17-cv-01692-MHS <br><br> **ORDER** |

Scott E. Stafne, STAFNE TRUMBULL LLC, 239 North Olympic Avenue, Arlington, WA 98223. *Pro se*.

Jared D. Hager, Special Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE FOR THE DISTRICT OF OREGON, 1000 SW Third Avenue, Suite 600, Portland, OR 97202. Of Attorneys for Defendants Thomas S. Zilly, John C. Coughenour, and Barry G. Silverman.

Geoffrey A. Enns, SNOHOMISH COUNTY PROSECUTING ATTORNEY, CIVIL DIVISION, 3000 Rockefeller Avenue, M/S 504, Everett, WA 98201. Of Attorneys for Defendant Ty Trenary.

**Michael H. Simon, District Judge.**

Plaintiff Scott E. Stafne is an attorney in the State of Washington. He brings this action on his own behalf. In his Complaint, Plaintiff asserted claims against three senior federal judges

and a county sheriff. In an Opinion and Order, the Court previously granted the motion to dismiss brought by the Federal Judge Defendants and the motion to dismiss brought by the Sheriff. ECF 48. The Court also entered Judgment, dismissing this lawsuit with prejudice. ECF 49. Plaintiff then filed a motion asking the Court to amend or alter its Judgment, pursuant to Rule 59(e)[1] and Rule 60(b)(6) of the Federal Rules of Civil Procedure. ECF 50.

Under Rule 59(e), a court has discretion to alter or amend a judgment if: (1) it is presented with newly discovered evidence; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011); *see also McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) ("A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." (emphasis in original) (citation and quotation marks omitted)).

Rule 60(b) governs reconsideration of final orders of a district court. Rule 60(b) allows a district court to relieve a party from a final judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The party making the Rule 60(b) motion bears the burden of proof. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992). Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and quotation marks omitted); *see also Shalit v. Coppe*, 182

---

[1] In his motion, Plaintiff referred to Rule 59(a)(2)(e) [*sic*]. ECF 50 at 2. There is no such rule, however. The Court assumes that Plaintiff meant to refer to Rule 59(e).

F.3d 1124, 1132 (9th Cir. 1999) (noting that "reconsideration is appropriate only in very limited circumstances").

Plaintiff is essentially rearguing the same points that the Court previously rejected. Further, to the extent that Plaintiff seeks leave to amend his complaint, the Court finds that any such amendment as described by Plaintiff would be futile because Plaintiff's claims would continue to suffer from many of the same legal deficiencies previously ruled upon by the Court. *See Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (holding that a motion to amend may be denied if amendment would be futile).

Plaintiff's Post Judgment Motion (ECF 50) is DENIED.

**IT IS SO ORDERED**.

DATED this 2nd day of May, 2019.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge